UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RYAN J. W.,

                      Plaintiff,

v.                                                                             5:22-CV-1045
                                                                               (GTS/DEP)
MARTIN J. O'MALLEY, Commissioner of
Social Security,

                      Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC             JUSTIN M. GOLDSTEIN, ESQ.
  Counsel for Plaintiff
6000 North Bailey Ave., Suite 1A
Amherst, New York 14226

SOCIAL SECURITY ADMINISTRATION                  KRISTINA D. COHN, ESQ.
  Counsel for Defendant                         Special Assistant U.S. Attorney
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Ryan J.W. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge David E. Peebles recommending that Plaintiff's motion for judgment on the pleadings be denied, Defendant's motion for judgment on the pleadings be granted, and Plaintiff's Complaint be dismissed, and (2) Plaintiff's Objections to the Report and

Recommendation. (Dkt. Nos. 19, 20.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I. GOVERNING LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(C).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b),

been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.     ANALYSIS

Even when construed with the utmost of special leniency, Plaintiff's Objections merely repeat argument asserted in the brief and reply that he had submitted to Magistrate Judge Peebles.  (*Compare* Dkt. No. 20, at 5-25 [Plf.'s Obj., arguing that the ALJ erred in his analysis of the opinion and treatment notes of treating psychiatrist, Nickolas Togias, M.D., specifically with regard to the supportability and consistency factors of the governing legal standard established by the revised regulations] *with* Dkt. No. 13, at 7-19 [Plf.'s Brief, asserting the same arguments with regard to the opinion of treating psychiatrist, Dr. Togias] *and* Dkt. No. 17, at 1-8 [Plf.'s Rely Brief, asserting the same arguments with regard to the opinion of treating psychiatrist, Dr. Togias].)   Indeed, Plaintiff's Objections expressly "renew[]" the arguments made in Plaintiff's Social Security Brief (Dkt. No. 13), in Plaintiff's Reply (Dkt. No. 17), and at

---

3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Oral Argument held on September 19, 2023." (Dkt. No. 20, at 1; *see also, e.g.,* Dkt. No. 20, at 9, 23.) Moreover, to the extent the Objections challenge Magistrate Judge Peebles' "analysis of the law and facts," they do so only to the extent that Magistrate Judge Peebles agreed with "the ALJ's assessment of the opinions and Plaintiff's symptomology." (Dkt. No. 20, at 1; *see also* Dkt. No. 20, at 5-6, 9, 17, 20, 23, 25.) For this reason, when challenging Magistrate Judge Peebles' "analysis of the law and facts," the Objections often rather expressly repeat arguments asserted in Plaintiff's brief and reply. (*Compare* Dkt. No. 20, at 6, 9, 11, 14, 20, 23, 25 [Plf.'s Obj.] *with* Dkt. No. 13, at 15-16, 18, 20-22 [Plf.'s Brief] *and* Dkt. No. 17, at 3-4, 8 [Plf.'s Rely Brief].)

Each of these arguments was considered and rejected by Magistrate Judge Peebles. (Dkt. No. 19, at 10-21, 25-31 [Report-Recommendation].) The Court finds that revisiting them in more detail in this Decision and Order would both waste judicial resources and frustrate the purpose of the Federal Magistrates Act of 1968. For these reasons, the "challenged" portions of the Report-Recommendation warrant only a clear-error review. *See, supra,* Part I of this Decision and Order. After carefully considering the matter, the Court finds that those portions of the Report-Recommendation (like the remaining portions of it) survive that clear-error review for the reasons stated in the Report-Recommendation: Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 19 [Report-Recommendation].)

In any event, even if the Court were to subject the entirety of the Report-Recommendation to a de novo review, the Court would find that the Report-Recommendation survives that review. For example, in response to Plaintiff's argument that Magistrate Judge Peebles (when finding that "the treatment notes from Dr. Togias and others at his practice group

5

do not substantiate ongoing difficulties with attention or memory") failed to properly consider the portion of the record showing impaired memory in January 2019 (Dkt. No. 20, at 17), the Court respectfully disagrees: Magistrate Judge Peebles properly did so.  (*See* Dkt. No. 19, at 15-16 ["To the contrary, many mental status examination notes routinely show intact memory. See, e.g., AT 702, 706, 718, 722, 733, 741, 747, 751, 755, 760, 766, 781, 785, 795, 801, 805, 827, 831, 836, 848, 853, 859, 870, 877, 892, 897, 907, 924, 929, 936, 943, 949, 956, 963, 972, 980, 988, 995. The only apparent notation of impaired memory was in January of 2019, well prior to the application date. AT 728.   Further, . . .   it was noted that he reported improvement in his focus and attention when he was prescribed a stimulant medication for his ADHD in February 2020. AT 702, 740, 864. . . . No further complaints of ongoing difficulties with concentration or attention are reported in 2020 or 2021."].)   Similarly, in response to Plaintiff's argument that Magistrate Judge Peebles did not address Plaintiff's specific argument that the ALJ failed to consider the positive findings in the mental status examinations (Dkt. No. 20, at 25), again, the Court disagrees: Magistrate Judge Peebles expressly did so.  (*See* Dkt. No. 19, at 19-21, 23 ["However, the fact that some treatment notes revealed slight abnormalities in reported mood in particular is not indicative of a failure of the ALJ to properly consider all of the evidence.   I also note that, in terms of the notations of depressed or anxious mood, many of these entries were specifically noted to be 'reported,' rather than observed."] [citing records from Oswego Hospital Behavioral Health – Fulton].)

     For each of these two alternative reasons, the Court accepts and adopts the Report-Recommendation in its entirety.

     **ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report and Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**, and Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further ordered

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 22, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge